O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL COX,                        §
                                    §
          Plaintiff,                §
                                    §
v.                                  §     CIVIL ACTION NO. H-04-4318
                                    §
CITY OF HOUSTON,                    §
                                    §
          Defendant.                §


MEMORANDUM AND ORDER


     Pending is paragraph 1 of Defendant City of Houston's Motion
to Dismiss (Document No. 6).[1]  After having carefully considered
the motion, the response, and the applicable law, the Court
concludes that the motion in paragraph 1 should be granted.


I.  Background


     Plaintiff Michael Cox ("Plaintiff"), a Sergeant with the
Houston Police Department (the "HPD"), brings this retaliation suit
against Defendant City of Houston ("Defendant").  Plaintiff alleges
that Defendant's conduct in disciplining him violated Title VII of
the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination
in Employment Act ("ADEA"), the Americans with Disabilities Act
("ADA"), and the Texas Commission on Human Rights Act ("TCHRA").

---

     [1] At the Rule 16 scheduling conference, the Court denied the
other two paragraphs (¶ 2 and ¶ 3) of Defendant's motion to dismiss
(Document No. 12).

Plaintiff alleges that in December, 2002, he submitted a statement to the HPD Internal Affairs Division (the "IAD") corroborating the sexual harassment allegations of Officer Beth Kreuzer ("Kreuzer") against her superior, Sergeant Cliff Simmons ("Simmons").  See Document No. 1 ¶¶ 11-17.  In April, 2003, Cox repeated his testimony to an EEOC investigator.  Id. ¶ 18.  Plaintiff was accompanied to the EEOC interview by an attorney from Defendants's Attorney's Office, and Plaintiff alleges that during the interview, while giving the unfavorable testimony, Plaintiff was kicked under the table by Defendant's attorney.  Id. ¶¶ 20-25.  The EEOC subsequently issued a Determination Letter in favor of Kreuzer. Id. ¶¶ 32-33.

Shortly after his EEOC interview, Plaintiff's Lieutenant notified him that he was to appear at a "combined Step 4/Step 5" discipline hearing.  Id. ¶ 26.  Plaintiff alleges that he did not know that he was the subject of an investigation or potential discipline prior to receiving this notice, and that he had never been advised that he had already progressed through Steps 1, 2 and 3 of the HPD disciplinary process.  Id. ¶¶ 27-28.  The Lieutenant advised Plaintiff that he was being cited for one Category A and one Category B infraction, but when Plaintiff appeared at the hearing--one day after the EEOC issued the Letter of Determination in favor of Kreuzer--he was told that his infractions were being treated as a Category D infraction, which was much more serious. Id. ¶¶ 30-31, 34-37.  Plaintiff was told a few days later that the

2

infraction had been elevated to Category E infraction, which was punishable by an indefinite suspension.  Id. ¶¶ 38-39.  According to Plaintiff, "[i]n HPD parlance, an 'indefinite suspension' is a 'termination.'"  Id. ¶ 39.  A second hearing was then scheduled for a final decision regarding punishment.  Id. ¶ 42.

Before the hearing, Plaintiff alleges that the HPD offered him a "Last Chance Agreement," pursuant to which Plaintiff would be given a two-week suspension and a voluntary transfer out of his detail in exchange for releasing all possible legal claims he might have against Defendant in connection with his employment, including any Title VII, ADEA, ADA, and TCHRA claims.  Id. ¶¶ 45-47, 49, 52.  Sergeant Don Culak ("Culak"), another witness before the EEOC who corroborated Kreuzer's sexual harassment allegations, "who was accused of exactly the same supposed misconduct as Plaintiff," and whose infractions Defendant also allegedly manipulated from "A" and "B" to "E," agreed to sign a Last Chance Agreement, including the release provision, and received the lesser punishment.  Id. ¶¶ 43-45, 47-49, 51, 54.  Plaintiff, however, believing that Defendant "was attempting to leverage its manipulation of the infraction levels" in order to force Plaintiff to release, inter alia, a potential retaliation claim based on his participation in the EEOC investigation, refused to sign the release and received the indefinite suspension, which was eventually overturned by a civil arbitrator.  Id. ¶¶ 48-53, 55-58.

In his Complaint, Plaintiff contends that when he refused to sign the Last Chance Agreement, he engaged in conduct protected by the ADEA and the ADA, and Defendant retaliated against him for that protected conduct by "refusing to permit him the lenient 'plea bargain' given to Culak, which was conditioned upon [Plaintiff] releasing his potential civil rights claims against [Defendant]." Id. ¶¶ 73, 75.  Defendant moves to dismiss Plaintiff's ADEA and ADA claims, arguing that the allegations in Plaintiff's Complaint fail to state a retaliation claim under either the ADEA or the ADA.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint.  *See* Lowrey v. Texas A & M Univ. Sys.,

4

117 F.3d 242, 247 (5th Cir. 1997).  Dismissal of a claim is improper "unless it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

"The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests."  Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977).  Therefore, in challenging the sufficiency of the complaint under Rule 12(b)(6), the defendant bears the burden of proving that "no relief could be granted under any set of facts that could be proved consistent with the allegations" in the complaint.  Hishon v. King & Spalding, 104 S. Ct. 2229, 2232 (1984).  While the district court generally may not go outside the complaint in addressing a Rule 12(b)(6) motion, it may consider documents attached to the complaint, as well as documents that are referenced in and central to the complaint.  See Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 839 (5th Cir. 2004); Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003).

III.  <u>Discussion</u>

The ADEA and the ADA make it unlawful, *inter alia*, for an employer to discriminate against any employee because the employee has opposed any practice made unlawful by the statutory provisions protecting persons against age discrimination (ADEA) or disability discrimination (ADA).  *See* 29 U.S.C. § 623(d); 42 U.S.C. § 12203. To establish retaliation under the ADEA or the ADA, a plaintiff must show that: (1) he engaged in activity protected by the relevant statute (2) there was an adverse employment action, and (3) there was a causal connection between the participation in the protected activity and the adverse employment action.  <u>Holtzclaw v. DSC Communications Corp.</u>, 255 F.3d 254, 259 (5th Cir. 2001) (ADEA); <u>Holt v. JTM Indus., Inc.</u>, 89 F.3d 1224, 1226 (5th Cir. 1996) (ADA).

Plaintiff contends that he engaged in an activity protected by the ADEA and the ADA when he declined to sign the Last Chance Agreement, which would have required him to waive any claims he may have had under the ADEA and the ADA in exchange for receiving a lesser punishment than the usual penalty for a category E infraction--an indefinite suspension.  *See* Document No. 7 at 4-5. Offering benefits in exchange for a waiver or release of claims arising out of one's employment, however, is not a practice made unlawful by the ADEA or the ADA.  To the contrary, the ADEA specifically provides for such waivers, and such waivers are likewise enforceable under the ADA.  *See*, *e.g.*, <u>Rivera-Flores v.</u>

Bristol-Myers Squibb Caribbean, 112 F.3d 9, 11-12 (1st Cir. 1997) (holding that releases are permissible under ADA); *cf.* Stonkus v. City of Brockton Sch. Dept., 322 F.3d 97, 102 (1st Cir. 2003) ("[I]n the employment law context, courts have routinely upheld releases given in exchange for additional benefits."). Accordingly, Plaintiff did not engage in a protected activity when he declined Defendant's offer for a lesser punishment than the indefinite suspension his alleged infraction warranted in exchange for signing a release.  Plaintiff's allegations are not actionable under the ADEA or the ADA because he does not allege that he opposed a practice made unlawful by either statute.

Moreover, the allegations in Plaintiff's Complaint demonstrate that there was no causal connection between Plaintiff's decision not to accept the Last Chance Agreement and the indefinite suspension.  Plaintiff states in his response brief that "but for [Defendant's] insistence"--presumably that Plaintiff sign the release in order to receive a reduced punishment--Plaintiff never would have received the indefinite suspension. *See* Document No. 7 at 4.  In his Complaint, however, Plaintiff alleges that he was charged with a Category E infraction and that "the penalty for a Category E infraction is 'indefinite suspension.'"  Document No. 1 ¶¶ 38-39.  These allegations demonstrate that even if Defendant had never offered the Last Chance Agreement, Plaintiff still would have been subject to an indefinite suspension because he was charged

7

with a Category E infraction.   Defendant punished Plaintiff with the standard penalty for a Category E infraction, not as an act of retaliation because Plaintiff declined to accept the Last Chance Agreement.   *See* <u>Manning v. Chevron Chem. Co., LLC</u>, 332 F.3d 874, 884 (5th Cir. 2003) (concluding Plaintiff failed to show causal link where employer required all employees to sign the same release before they could receive severance package).   In sum, Plaintiff's allegations do not state a claim under either the ADEA or the ADA, and those claims will therefore be dismissed.

## IV.   <u>Order</u>

Accordingly, it is

ORDERED that paragraph 1 of Defendant City of Houston's Motion to Dismiss (Document No. 6) is GRANTED, and Plaintiff Michael Cox's ADEA and ADA claims are DISMISSED on the merits.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 26th day of August, 2005.


_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE


8